## Pickawaik Estate

*William F. Fox*, for accountant.

HOLLAND, P. J., November 23, 1953.—This is a supplemental adjudication, as above indicated, for the pur-

pose of disposing of the legacy contained in item 2 of the will. This item gave to Frank Pickawaik, a son of testator, $1,000, conditioned upon his appearing to claim the same within a period of 10 years from the death of testator but, if he did not so appear and claim the legacy within that period it was to go into the residue and be distributed in accordance with his direction as to the residue. The residue is left to his son, John C. Pickawaik.

Testator died November 14, 1942, so that the 10-year period expired November 14, 1952. A hearing was had November 20, 1953, at which it was proved to the satisfaction of the court that Frank Pickawaik has not, within the period of 10 years, appeared to claim the legacy and, in fact, has not appeared up to the time of the hearing to claim the legacy. The legacy, less inheritance tax and together with interest it has accumulated, which appears to be in the total sum of $1,075.51, is still in the possession of the surviving executor, John Wargo. It would be payable to the residuary beneficiary John C. Pickawaik, but he died January 27, 1943, subsequent to the death of testator, whereby he died vested with the residue and the same would be due his estate. John C. Pickawaik, by his will, gave his entire estate to his brother Thomas Pickawaik and appointed Thomas Pickawaik's wife, Caroline Pickawaik, as his executor. Since John C. Pickawaik has been deceased for a period of almost 11 years, no consideration need be given to creditors of his estate as all claims against his estate would have long since been outlawed by this time. Therefore, to avoid circuity of action, the court is impelled to award the legacy in the above-mentioned sum to the residuary beneficiary under the will of John C. Pickawaik direct, less 10 percent inheritance tax, and less the costs of this proceeding, counsel fee, and additional compensation to the surviving executor. . . .